IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

      Plaintiff,

      v.                                    No. CIV 10-1094 JP/GBW

BERNALILLO COUNTY AND ALL PEOPLE
AND/OR DIVISIONS WITH SUPERVISION OF
B.C.M.D.C. AND ALL PEOPLE AND/OR
DIVISIONS WITH SUPERVISION OF
C.O. CRUZ AND ALL PEOPLE AND/OR
DIVISIONS WITH SUPERVISION OF,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ.

P. 12(b)(6), to review Plaintiff's civil rights complaint (including his Addendum (Doc. 5)). Plaintiff

is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The

filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of

the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will

grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1).

For the reasons below, the Court will dismiss certain of Plaintiff's claims.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in the Bernalillo County, New Mexico, Metropolitan Detention Center.  The complaint contains two claims based on allegations that Defendant C.O. Cruz mocked Plaintiff's African-American race and heritage during an incident in October 2010.  Plaintiff alleges that he has been teased and harassed by other inmates after the incident.  He states that "Psychiatric Services has found that the plaintiff has PTSD stemming from incident . . . [and] Plaintiff is receiving medication. . . , has nightmares . . . [and] is afraid of officers or anyone getting too close to him physically."  Plaintiff also makes claims based on allegations that his grievances went unanswered.   The complaint seeks damages and equitable relief, including release from confinement.

The complaint names Bernalillo County and Metropolitan Detention Center as Defendants. Plaintiff makes no allegations against these Defendants except to assert that they "should have been doing their job--supervising." This allegation against the entity Defendants does not affirmatively link them to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a supervisory entity may not be based solely on a theory of

respondeat superior liability for the actions of employees. *See id.* The Court will dismiss Plaintiff's claims against Defendants Bernalillo County and Metropolitan Detention Center.

Plaintiff's allegations of unanswered grievances do not support claims under 42 U.S.C. § 1983. A plaintiff's dissatisfaction with grievance procedures generally does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). And here, Plaintiff does not allege that the grievance denials amounted to separate acts of discrimination. Plaintiff's claims II, III, and IV will be dismissed.

And finally, no relief is available under § 1983 on Plaintiff's claim for release from confinement.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution." [Plaintiff]'s complaint states such a claim. Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Because Plaintiff's request for release is not cognizable in this action, the Court will dismiss this claim without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 4, 6) are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with

two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claim for release from confinement is DISMISSED without prejudice to his rights under the habeas corpus statutes; and Plaintiff's claims II, III, and IV are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Bernalillo County and Metropolitan Detention Center are DISMISSED, and Defendants Bernalillo County and Metropolitan Detention Center are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and the Addendum (Doc. 5), for Defendant C.O. Cruz.

_____
UNITED STATES DISTRICT JUDGE