IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                    No. CIV 10-1094 JAP/GBW

FNU CRUZ,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff Xezakia Rouse's Motion for Summary Judgment ("Motion"). *Doc. 16.* In the Motion, Plaintiff asks the Court to grant judgment in his favor and award him the relief requested in his complaint because, he says, the factual basis asserted in the complaint is not subject to dispute. *Doc.* 16 at 1. Plaintiff has not met his burden of establishing that there is no genuine dispute as to any material dispute and that he is entitled to judgment as a matter of law. Consequently, I recommend that the Court deny the Motion.

### Background

Plaintiff's claim arises out of an incident in which Plaintiff alleges that Defendant Cruz, a corrections officer, subjected him to racist mockery. In his Complaint, Plaintiff states:

> On Tuesday the 12th of October at BCMDC, Correctional Officer Cruz mocked my race and heritage by asking other inmates if they wanted to "see a disappearing act," he then flicked on and off my cell lights [approximately ten to thirteen times] while I was standing in the window of my cell while pointing and having other inmates laugh at me. I am a Black male and find this very uncalled for especially when the Demographics of New Mexico have a very limited Black population. I have continually been teased by [people of] other races [with respect to] this situation.

*Doc. 1* at 2.

Plaintiff's original Complaint listed claims against Defendant Cruz, Defendant Bernalillo County and Defendant Metropolitan Detention Center. *Doc. 1*. The particular legal claims were unclear, but, construed liberally, Plaintiff alleged violations of (1) the Eighth Amendment, (2) the First Amendment, (3) the Ninth Amendment, and (4) the Fourteenth Amendment. In granting Plaintiff's motion to proceed *in forma pauperis*, the Court granted the motion but dismissed certain claims and parties. *Doc. 7*. The Court dismissed all claims against Defendant Bernalillo County and Defendant Metropolitan Detention Center. *Id*. at 2-4. These dismissals were based upon Plaintiff's failure to plead any facts which would create supervisory liability under § 1983. *Id*. The Court also noted that "Plaintiff's allegations of unanswered grievances do not support claims under 42 U.S.C. § 1983." *Id*. at 3. Consequently, the Court also dismissed "claims II, III, and IV." *Id*. These rulings left only the claim against Defendant Cruz under the Eighth Amendment for the alleged racist mockery.

On April 19, 2011, before Defendant Cruz had been served, Plaintiff filed his Motion. *Doc. 16*. Approximately four months later, Defendant Cruz was finally served. *See docs. 13, 14, 19, 20, 21, 22, 23, 24, 29, 30, 33, 42, 43, 48, 49*. Defendant states in his Answer that "he denies the allegations that he taunted, mocked, or otherwise disparaged Plaintiff because of his race, or for any other reason." *Doc. 49* at 2. Defendant Cruz, however, has not filed a response to the Motion or a request for extension of time to file a response.

## Summary Judgment Standards

Under Federal Rule of Civil Procedure 56(a), this Court "shall grant summary judgment if the movant shows that . . . [he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he moving party carries the burden of showing beyond a reasonable doubt that it is entitled summary judgment." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (internal brackets and quotation marks omitted). "[T]he moving party . . . has . . . the burden of establishing that summary judgment is appropriate as a matter of law." *Id.* To make such a showing, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record …; or (B) showing that … an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). Summary judgment may not be entered automatically, upon the non-moving party's failure to respond. *See De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 116 (1st Cir.

*2004); see also Hancock v. City of Oklahoma, 857 F.2d 1394, 1395-96 (10th Cir. 1988) (dismissal for not responding to summary judgment motion must be reviewed as independent sanction reserved for extreme case)*. Instead, summary judgment may be granted only when the movant has established that summary judgment is appropriate as a matter of law. *Reed v. Bennet*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("If the evidence produced in support of the summary judgment motion does not meet [the movant's] burden, 'summary judgment must be denied even *even if no opposing evidentiary matter is presented*.'") (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

## Analysis

Plaintiff's Motion covers two handwritten pages. *Doc. 16*. His primary argument is based upon Defendant's failure to file an answer to the complaint. This argument is properly construed as a motion for default judgment. The Court has already denied an earlier motion for default judgment. *See docs. 11, 43*. For the same reasons explained before, I recommend this argument based upon Defendant's failure to answer be rejected. *See doc. 43*.

In addition to this "default" argument, Plaintiff spends the last half page of his motion asserting facts which he claims cannot be disputed. At no point does Plaintiff cite to the record for support of this assertions as required by Rule 56. Moreover, Plaintiff does not explain how these facts, even if true, establish that he is entitled to judgment as a matter of law. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (It

4

is "not . . . the proper function of the district court to assume the role of advocate for the pro se litigant."); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("Although [a] court reads *pro se* pleadings liberally, [the court] will not . . . construct a legal theory on a plaintiff's behalf."); *Keeling v. Schaefer*, 181 F. Supp. 2d. 1206, 1215-16 (D.Kan. 2001) (A *pro se* litigant "is expected to construct his own arguments or legal theories . . . ."). In fact, the Court's own review of caselaw reveals that an officer's insults and slurs may be insufficient to amount to an Eighth Amendment violation.[1] *See Sims v. Hickok*, No. 99-1110, 1999 WL 448824, at *1-2 (10th Cir. July 2, 1999); *see also Russell v. Sandahl*, No. 92-1367, 1993 WL 72445, at *2 (7th Cir. Mar. 2, 1993) ("Although the use of racial slurs is reprehensible, it does not violate the Eighth Amendment and only violates the Fourteenth Amendment if coupled with physical force or other egregious conduct.").

## Conclusion

In his Motion, Plaintiff has failed to "show that there is no genuine dispute as to any material fact [or that he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Therefore, I recommend denying his Motion.

---

[1] The Court has since permitted Plaintiff to amend his Complaint to add a Fourteenth Amendment claim against Defendant Cruz. *See doc. 60*. However, this claim was not extant at the time the Motion was filed, so it has not been considered for the purposes of this recommendation.

**Wherefore, IT IS HEREBY RECOMMENDED** that the Court deny Plaintiff's Motion for Summary Judgment *(doc. 16)*.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**