# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

     Plaintiff,

v.                                            CIV 10-1094 JAP/GBW

FNU CRUZ, COUNTY OF BERNALILLO,
BERNALILLO METROPOLITAN
DETENTION CENTER,

     Defendants.

## <u>ORDER DENYING PLAINTIFF'S MOTIONS FOR A SUBPOENA</u>

This matter comes before the Court on Plaintiff Xezakia Rouse ("Plaintiff")'s

Motion for Subpoena ("Motion 1"), (*doc. 34*), and Request for Subpoena ("Motion 2"),

(*doc. 36*).  In the motions, Plaintiff asks the Court to subpoena the personnel records of

Defendant Corrections Officer Cruz ("Defendant").  The purpose of the materials that

Plaintiff wants the Court to subpoena would be either to identify an already identified

party or to develop evidence against a dismissed defendant.  Therefore, the Court will

deny both motions as irrelevant and therefore not subject to subpoena under Federal

Rule of Civil Procedure 45.

**Background**

Plaintiff, acting *pro se*, filed claims under 28 U.S.C. § 1983 on November 16, 2010, alleging that Defendant had violated Plaintiff's civil rights by subjecting Plaintiff to racist mockery while Plaintiff was incarcerated at the Bernalillo County Metropolitan Detention Center.  *Doc. 1*.   Plaintiff brought claims against Bernalillo County, the Metropolitan Detention Center, and Defendant and his supervisors.  *Id*.  The Court has dismissed the claims against Bernalillo County and the Metropolitan Detention Center. *Doc. 4* at 4.

Plaintiff's claims arise out of a single incident in which Plaintiff alleges that Defendant subjected him to racist mockery while Plaintiff was incarcerated. Specifically, he alleges:

> On Tuesday the 12th of October at BCMDC, [Defendant] Correctional Officer Cruz mocked my race and heritage by asking other inmates if they wanted to "see a disappearing act," he then flicked on and off my cell lights [approximately ten to thirteen times] while I was standing in the window of my cell while pointing and having other inmates laugh at me.  I am a Black male and find this very uncalled for especially when the Demographics of New Mexico have a very limited Black population.  I have continually been teased by [people of] other races [with respect to] this situation.

*Doc. 1* at 2.

Among the defendants initially sued by Plaintiff was the Bernalillo County Metropolitan Detention Center ("M.D.C.").  *See doc. 1.*  In an order issued on January 11,

2011, however, the Court dismissed M.D.C. *sua sponte* based upon Plaintiff's failure to state a claim against M.D.C.  *See generally doc. 7.*

Plaintiff also listed a Correctional Officer by the last name of Cruz as a defendant in his complaint.  *Doc. 1.*  The Court initially ordered that the United States Marshals Service ("U.S.M.S.") serve Defendant C.O. Cruz ("Defendant Cruz") on April 19, 2011. *Doc. 13.*  The U.S.M.S. returned this summons unexecuted because the summons did not adequately identify Defendant Cruz.  *Doc. 19.*  The Court again ordered process served on Defendant Cruz, (*doc. 23*), but no indication appeared in the case docket that Defendant had been served.  For a third time, the Court ordered the U.S.M.S to serve process on Defendant Cruz, (*doc. 33*), and this time it appears that the U.S.M.S succeeded as Defendant began filing in the case, (*see, e.g., doc. 49*).

Following the Court's third order for service of process on Defendant Cruz, but before Defendant Cruz responded to Plaintiff's claims, Plaintiff filed the instant motions.  *See docs. 34, 36.*  In Motion 1, Plaintiff states that he " is asking the court to subpoena the [detention center's personnel] files on C.O. Cruz, Adrian in order to locate his most current address, telephone numbers, e-mails, relatives['] addresses, etc[.], in order to locate Mr. Cruz for purposes of this civil action."  *Doc. 34* at 1.  In Motion 2, Plaintiff states:

> Plaintiff requests a subpoena for M.D.C. Records of all C.O.'s [sic] with the last name "Cruz" working when USMS (Aubrey) inquired the first time to serve summons in May.

Plaintiff is trying to establish M.D.C.'s involvement illegally in this matter.

It was said that "5 different C.O.'s [sic] with the last name "Cruz" worked at MDC in May," I have come to the understanding that this is not true.

So subpoenas are being asked for the last names of variations of "Cruz" (e.g., Veracruz or De La Cruz), only "Cruz" as the summons stated.

*Doc. 36* at 1.

**Analysis**

Pursuant to the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1); *see also Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b)(1) permits discovery only of 'relevant information' . . . .").  Although this Court has the power to issue subpoenas, *see, e.g.,* Fed. R. Civ. P. 45, the Court should not subpoena irrelevant information.  *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981) (noting that Court may issue subpoenas that are within the scope of Rule 26); *see also SEC v. Sassano*, 274 F.R.D. 495, 497 (S.D.N.Y 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) ("[T]he scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.").

In this case, Plaintiff justifies his request that the Court subpoena certain materials by asserting that (1) the materials will assist in identifying Defendant Cruz

sufficiently for the U.S.M.S. to serve Defendant Cruz, (*doc. 34* at 1), and (2) "to establish M.D.C.'s involvement illegally in this matter[,]" (*doc. 36* at 1).  Neither reason suggests that the subject of the proposed subpoena bears relevance to this case.

When Plaintiff filed the motions, it may have reasonably appeared that the detention center's personnel files would be relevant to the purpose of identifying Defendant Cruz so as to serve process on him.  As Defendant Cruz has now been identified, received service of process, and taken an active role in defending himself in this case, a subpoena for information facilitating serving process on him is now irrelevant.

The same holds true as to Plaintiff's second requested subpoena.  Although a subpoena for information showing involvement by M.D.C. in Plaintiff's allegations may have relevance in a suit against M.D.C., that defendant has long-since been dismissed. *See doc. 4* at 4.  As such, materials solely concerning M.D.C. are also irrelevant.  Thus the Court will not grant Plaintiff the second subpoena.

Because it appears that the documents which are the subject of the two instant motions are not relevant to the case and therefore not properly the subject of a subpoena, the Court will deny both motions.

Wherefore, it is HEREBY ORDERED that Plaintiff's Motion for Subpoenas, (*doc. 34*), is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Subpoena, (*doc. 36*), is

DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE