IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                          CIV 10-1094 JAP/GBW

FNU CRUZ, COUNTY OF BERNALILLO,
BERNALILLO METROPOLITAN
DETENTION CENTER,

    Defendants.

### ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Give Court Further Testimony ("Motion"). *Doc. 38.* Plaintiff's Motion seeks to add a one-page, handwritten "Confession of Eyewitness Jude Garcia" in support of Plaintiff's allegations of racist treatment at the Bernalillo County Metropolitan Detention Center. *See id.* The Court will construe the Motion as seeking to supplement his summary judgment with the provided statement.[1] Because the provided statement does not satisfy the requirements of Rule 56, the Motion will be denied.

A party seeking summary judgment must show that facts are not disputed by "citing to particular parts of materials in the record, including . . . affidavits or

---

[1] The Court is unable to discern any other basis supported by the Federal Rules or relevant law under which to consider this motion. As such, the Court will only address the acceptability of the statement under Rule 56 and as applied to Plaintiff's Motion for Summary Judgment.

declarations . . . ." FED. R. CIV. P. 56(c)(1)(A).  Affidavits may support a motion for summary judgment where they are "made on personal knowledge, set out facts that would be admissible in evidence, and show the affiant or declarant is competent to testify on the matters stated." *Id.* 56(c)(4).  While a "formal affidavit" is no longer required, any statement to be considered under Rule 56 must be subscribed "as true under penalty of perjury." FED. R. CIV. P. 56(c)(4), Advisory Committee Note to 2010 Amendments.  The statement provided with the Motion does not indicate that the affiant made it under penalty of perjury.  As such, this Court will not consider it.  *See Collins v. Seeman*, 462 F.3d 757, 760 n.1 (7th Cir. 2006) (rejecting unsworn written witness summaries); *Watts v. Kroger Co.*, 170 F.3d 505, 508 (5th Cir. 1999) (same for handwritten statements); *Chaiken v. VV Pub. Corp.*, 119 F.3d 1018 (2d Cir. 1997) (same, unsworn letters do not meet prerequisites).

    Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Give Further Court Testimony, (*doc. 38*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE