IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                       CIV 10-1094 JAP/GBW

COUNTY OF BERNALILLO,
BERNALILLO COUNTY
METROPOLITAN DETENTION
CENTER, & FNU CRUZ,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

    THIS MATTER is before the Court on Plaintiff's Request for Court Ordered Sanctions (Contempt) ("Plaintiff's Motion"). *Doc. 47*. Plaintiff alleges that Defendant Cruz was late in filing his answer in this matter and requests two monetary penalties as a sanction. *Id.* Because the Answer was not late, the Court will not sanction Defendant Cruz.

    Plaintiff filed his Complaint based upon alleged racist treatment during his incarceration at the Bernalillo County Metropolitan Detention Center. *Doc. 1.* The Complaint was filed on November 16, 2010. Because this matter is governed by the Prison Litigation Reform Act ("PLRA"), Defendant Cruz was not required to respond to Plaintiff's Complaint until this Court ordered him to Answer. *See Jones v. Bock*, 549 U.S.

199, 213-14 (2007) ("[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court.").

On March 11, 2011 the Court ordered the United States Marshal Service ("USMS") to perfect service of the Complaint upon Defendant Cruz. *Doc. 13.* Because Plaintiff was only aware of Defendant Cruz's last name, service was unable to be completed. *See doc. 23.* As such, the Court, based upon newly-supplied information from Plaintiff, re-ordered service. *Id.* Defendant Cruz was personally served on June 25, 2011. *Doc. 42.*

On August 9, 2011, the Court ordered Defendant Cruz to file an answer in this matter. *Id.* Therein, the USMS was ordered to personally serve the order to answer on Defendant Cruz. *Id.* The order further indicated that Defendant Cruz was required to file his answer to Plaintiff's Compliant within thirty days of service of the order to answer. *Id.* Finally, the order noted that Defendant Cruz may be subject to sanctions if he did not answer by the deadline. *Id.*

Notwithstanding the Court order, the USMS failed to serve Defendant Cruz with the order to answer. That fact notwithstanding, Defendant Cruz filed his answer to the Complaint on October 12, 2011. *Doc. 49.* The order directing Defendant Cruz was unequivocal in its requirement that Defendant Cruz answer "within thirty (30) days *from the date of service*[,]" of the order to answer. *See doc. 42* (emphasis added). As Defendant Cruz was never served with that order, the thirty day deadline never began

to run.  Thus, Defendant Cruz has not violated this Court's order and no basis for sanctions exist.[1]  As such, Plaintiff's Motion must be denied.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Request for Court Ordered Sanctions (Contempt), (*doc. 47*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, to the extent that Plaintiff seeks receipt of the specific monetary sanctions, he would have no such entitlement.  Potential sanctions for contempt of court would be payable to the Court, not Plaintiff.