IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                               CIV 10-1094 JAP/GBW

FNU CRUZ,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff's Third Motion to Appoint Counsel ("Plaintiff's Motion").[1] *Doc. 72.* The Court has already denied such a motion twice, (*docs. 3, 67* at 1), and, for substantially the same reasons, Plaintiff's Motion will be denied.

### *Background*

Plaintiff Xezakia Rouse is currently incarcerated in the Western New Mexico Correctional Facility. *Doc. 44.* On November 16. 2010, Plaintiff – who was then incarcerated at the Bernalillo County Metropolitan Detention Center – filed suit in this Court alleging that Defendant Cruz mocked Plaintiff based upon his race.[2] *Doc. 1* at 1-2. Four days later, Plaintiff filed a "Request for Court Appointed Attorney". *Doc. 3.* The

---

[1] Technically, Plaintiff's Motion is simply a letter to the Court; however, because Plaintiff appears *pro se*, the Court construes his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff's original complaint impleaded various other parties and sought, in part, release from custody as a remedy. On January 11, 2011, the presiding judge in this matter, the Honorable James A. Parker, dismissed that remedy and all parties other than Defendant Cruz. *Doc. 7.*

Court construed that request as a formal motion and, on August 2, 2011, the Court denied the motion relying upon, *inter alia*, *Thomas v. Brockbank*, 195 Fed. App'x 804, 807 (10th Cir. 2006). *See doc. 39.* Plaintiff renewed his request for appointed counsel within his objections to earlier proposed findings and recommended disposition. *See doc. 67* at 1. As basis for that renewal, Plaintiff stated that "it was patently obvious that [Plaintiff] has no idea what he is doing." *Id.* The Court denied the new motion, however, because Plaintiff had not rebutted any of the bases upon which the original motion for appointment of counsel was denied. *Doc. 72* at 4.

A review of this Court's docket shows that Plaintiff is no stranger to this Court.[3] At present, Plaintiff has filed no less than five other actions in this Court in addition to the case at bar. *See* D.N.M. Electronic Case Filing *Rouse v. Martinez*, 1:11-cv-631-RB-WDS; *Rouse v. Martinez, Rouse v. Brown*, 1:11-cv-0433-MV-CG; 1:11-cv-405-JCH-SMV; *Rouse v. Kline*, 1:05-cv-01307-MCA-WDS; *Rouse v. Candelaria*, 2:05-cv-1223-RB-KBM.

On April 11, 2012, Plaintiff once again moves for the Court to appoint him counsel. *Doc. 72.* Defendant filed a response in opposition to Plaintiff's Motion. *Doc. 74.*

---

[3] Although Plaintiff does not plead or reference the abundance of cases he has pursued or is now pursuing in this Court, the Court is empowered to take judicial notice of its own docket. *Randy's Studebaker Sales, Inc. v. Nissan Motor Corp.*, 533 F.2d 510, 521 (10th Cir. 1976).

*Analysis*

"There is no constitutional right to appointed counsel in a civil case. However, 'the court may request an attorney to represent any person unable to afford counsel.' The decision to appoint counsel is left to the sound discretion of the district court."[4] *Baker v. Simmons*, 65 Fed. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 Fed. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Where a plaintiff "has a firm grasp of the fundamental issues in his case and appears to be capable of presenting his case intelligently and coherently[,]" the Court need not appoint counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (finding that district court did not abuse discretion when denying motion for appointment of counsel). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

---

[4] Because the Court is aware of no relevant change in the law and because Plaintiff's arguments do not persuade the Court that it erred in its prior recitation of the law, the Court relies upon the same cases and legal propositions therein as in its previous order denying appointment of counsel. *See generally doc. 39.*

Plaintiff offers several reasons why he believes his third attempt at obtaining court-appointed counsel should succeed – each amounting to nothing more than a claim that he is ill-equipped to pursue a case on his own. *Doc. 72* at 2-3. Plaintiff's claims are unavailing.

First, while the "litigant's ability to present his claims" is certainly a factor in considering requests for appointed counsel, it is not the only factor. Plaintiff has not, and as should be now apparent will not, convince the Court that the claims at issue are so complex that he cannot present them to the Court. The Court has reviewed Plaintiff's filings in this matter and, although Plaintiff has not achieved the outcomes he desires, the denials have not been because of Plaintiff's inability to explain to the Court what he sought and why he sought it. *See, e.g., doc. 28* (denying Plaintiff's motion for default judgment because a defendant remained unserved); *doc. 63* (denying motion for subpoena on relevancy grounds).

Second, the Court finds Plaintiff's professed inability to comprehend the proceedings at hand to be entirely belied by Plaintiff's own filings. As Defendant notes, Plaintiff demonstrated his ability to understand the proceedings by amending his Complaint. *See doc. 74* at 7-8 (discussing Plaintiff's amending of the complaint). Earlier in these proceedings, Plaintiff moved to amend his complaint. *See generally doc. 51*. Defendants opposed that motion in part based upon their assertion that the lack of an alleged physical injury precluded this case being brought. *Doc. 53* at 10-11. Plaintiff's

4

reply included a new claim that he had allegedly suffered physical harm as a result of the event at issue in this lawsuit. *Doc. 54* at 1-2. Thus, while Plaintiff alleges that he is unable to proceed, he has proven to the Court that he is more-than-capable of both making arguments and responding to arguments offered against him. Moreover, Plaintiff's professed inability to access or understand legal materials is further undermined by Plaintiff's consistent reliance upon imperfectly-though-somewhat-properly-used terms of art.[5] *See, e.g., doc. 72* at 3 ("I know that deliberate indifference, equal protection and cruel and unusual punishment occurred.")[6]

The Court does not doubt for a second that Plaintiff would have an easier time pursuing his lawsuit if assigned counsel. That statement, however, is applicable to virtually – if not literally – every *pro se* litigant that will appear before this or any other court. *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."). Because Plaintiff has no right to appointed counsel in this matter and because Plaintiff has not met his burden as

---

[5] Defendants also note that reality expressly contradicts Plaintiff's assertion that he does not have access to legal materials. Defendants note that Plaintiff has access to legal materials "due to his employment since November of 2011 as a legal aide in the law library at the [Detention Center,] where he has worked two hours a day, five days a week, and sometimes more." *Doc. 74* at 4 (citing Affidavit of Mary Lou Gottlieb, *Doc. 74* Ex. A ¶ 2).

[6] The Court's review of Plaintiff's multiple other lawsuits pending or completed in this Court further underscores the Court's finding herein that Plaintiff is capable of articulating his claims and adjusting to the requirements of the Court.

to any of the factors the Court looks to when a litigant moves to appoint counsel, Plaintiff's Motion must be denied.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Third Motion to Appoint Counsel, (*doc. 72*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE