IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                       CV 10-1094 JAP/GBW

C.O. CRUZ,

    Defendant.

## ORDER DENYING
## PLAINTIFF'S MOTION TO ENJOIN DEFENDANT'S COUNSEL

This matter comes before the Count on Plaintiff's "Motion to Enjoin Defendant's Counsel[.]" *Doc. 76.* The Court finds that applicable law does not support Plaintiff's motion, and will therefore deny the motion.

The Court has construed Plaintiff's filings to allege that, while he has been incarcerated by the State of New Mexico, Defendant Correctional Officer Cruz has subjected him to improper treatment in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. *Doc. 60.* Plaintiff now argues that the Court should enjoin Defense Counsel from representing Defendant in the defense of certain claims, arguing that public funds should not pay Defendant's legal bills. *Doc. 76.* Plaintiff's motion states in its entirety:

> The Plaintiff has filed this suit against the Defendant in both individual capacity and official capacity.
> It has come to the Plaintiff's attention that the Defendant may be using taxpayer money to support the costs of obtaining legal counsel and

>sustaining such counsel for the claims brought by the Plaintiff in their individual capacity.
>
>Due to the fact that all individual capacity claims are of private matter, if any taxpayer money has been or is being used to support the Defendant(s) in any way, the Plaintiff asks this Court to enjoin Defendant's Counsel from any further representation (and any prior representation if the Court deems this measure as Constitutional should be stricken)[.]
>
>The Defendant has not asked nor been given Consent by, the Taxpayers of New Mexico to use taxpayer money to defend private interest, and Plaintiff asks for all taxpayer money to be reimbursed.

*Doc. 76* at 1 (emphasis and grammatical and orthographic errors in original).

Under New Mexico law, "Unless an insurance carrier provides a defense, a governmental entity shall provide a defense, including costs and attorney fees, for any public employee where liability is sought for . . . (2) any violation of . . . privileges or immunities secured by the constitution and laws of the United States . . . when alleged to have been committed by the public employee while acting within the scope of his duty."  N.M. Stat. Ann. § 41-4-4(B).  Plaintiff asserts that Defendant deprived Plaintiff of Plaintiff's rights under the United States Constitution while Defendant was acting within the scope of his duty as a public employee.  Under these facts, N.M. Stat. Ann. § 41-4-4(B) not only permits, but in fact requires, that a government entity pay for Defendant's legal representation, absent coverage by an insurance carrier.  This requirement permits the use of public funds.  As Plaintiff has not alleged that Defendant has failed to use funds provided by an insurance carrier to cover his defense, and as the Court knows of no reason to think that such circumstances would obtain, the

Court finds that New Mexico law permits the use of public funds to pay for Defendant's legal defense.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Enjoin Defendant's Counsel, *doc. 76*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE