IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                              CIV. 10-1094 JAP/GBW

FNU CRUZ,

    Defendant.

## ORDER GRANTING MOTION TO STAY

THIS MATTER is before the Court on Defendant's Expedited Motion to Stay All Motion Practice and Discovery Pending the Outcome of the Court's Ruling on Defendant Cruz's Qualified Immunity Defense Set Forth in his Motion for Summary Judgment. *Doc. 103*. Plaintiff responded to Defendant's motion in his Motion for Temporary Restraining Order, Plaintiff's Doc. #103 Rebuttal, & Doc. #96 Amendment. *Doc. 112*.

## *Background*

Plaintiff, acting *pro se*, filed claims under 28 U.S.C. § 1983 on November 16, 2010, alleging that Defendant had violated Plaintiff's civil rights by subjecting Plaintiff to racist mockery while Plaintiff was incarcerated at the Bernalillo County Metropolitan Detention Center. *Doc. 1.* Plaintiff alleges that Defendant's mockery "led to the plaintiff being beat up . . . numerous times by inmates." *Doc. 112* at 2; *see also doc. 10* at 1; *doc. 101* at 2.

On September 6, 2012, Defendant filed a Motion for Summary Judgment. *Doc. 95*. Defendant argues that he has qualified immunity from suit because he is a public employee sued in his individual capacity. *Id.* at 5. He asserts that "even if Plaintiff's allegations are taken as true" and "[e]ven if Defendant Cruz directed a racially motivated remark or action towards Plaintiff . . . such conduct does not violate the Constitution." *Id*. at 7. Defendant also argues that Plaintiff's suit is precluded by the Prison Litigation Reform Act (PLRA) because he has failed to allege a physical injury sufficient to overcome the PLRA's bar on prisoner actions for purely mental or emotional injuries. *Id.*

On September 12, 2012, Defendant filed the present motion to stay all motions practice and discovery pending the Court's ruling on qualified immunity. *Doc. 193*. Defendant argues that he should not be required to respond to Plaintiff's numerous discovery requests and motions unless and until this Court determines that he does not have immunity. *Id*. at 1-2.

In his September 18, 2012, response, Plaintiff argues that this Court should deny Defendant's motion to stay because Plaintiff has been unable to conduct discovery. *Doc. 112* at 1. He states that "[t]he moment that the plaintiff attempted discovery he was shut down by attorneys on Cruz's case and attorneys that work for the Department of Corrections." *Id.*

## *Legal Standards*

Qualified immunity protects public officials from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of qualified immunity is to strike a balance between "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

Qualified immunity protects officials not only from having to stand trial, but also from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, the Supreme Court has repeatedly stressed that qualified immunity should be resolved before discovery if possible. *See, e.g., Pearson*, 555 U.S. at 232; *Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

After a party has filed a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition," the court may allow a nonmoving party to engage in discovery. Fed. R. Civ. P. 56(d).  However, "Rule 56([d]) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials should be resolved prior to discovery . . . if possible." *Jones v. City & County of Denver, Colo.*, 854 F. 2d 1206, 1211 (10th Cir. 1988). "To justify discovery, a plaintiff must demonstrate to the court how the requested discovery will enable him or her to rebut a defendant's evidence." *Zamora v. City of Belen*, 229 F.R.D. 225, 227 (D.N.M. 2005) (citing *Jones*, 854 F.2d at 1211).

## *Analysis*

The Court finds that a stay of motions practice and discovery is appropriate in this case.  Without a stay, Defendant, a public employee, must respond to Plaintiff's numerous motions and discovery requests while the Court considers Defendant's motion for summary judgment.  This is the precise situation that the doctrine of qualified immunity is designed to avoid.  Indeed, since Defendant filed his motion for summary judgment on September 6, 2012, Plaintiff has filed six motions and has requested that the Court help him secure six depositions. *See doc. 102*.

Plaintiff has not demonstrated to the Court that additional discovery is justified under Rule 56(d).  In order to fall within 56(d), the requested discovery must be designed to rebut the theory of dismissal presented in the summary judgment motion. Plaintiff's requested discovery is focused on proving his case as opposed to rebutting

the summary judgment motion.  Importantly, for purposes of determining whether there is a genuine issue of material fact as to Defendant's qualified immunity, the Court may treat Plaintiff's pleadings as affidavits if they allege facts based on Plaintiff's personal knowledge and were sworn under penalty of perjury.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *Murray v. Albany County Bd. of County Comm'rs*, 211 F.3d 1278, at *3 (10th Cir. 2000).  Given this fact, to the extent that the discovery currently sought by Defendant is relevant to defeating the summary judgment motion, it is duplicative of the allegations made in Plaintiff's voluminous pleadings.  *See, e.g., docs. 1, 51, 101, 102, 112, 113*.  Plaintiff makes no attempt to explain how the specific information requested would allow him to better refute Defendant's qualified immunity claim, or otherwise justify departing from the Supreme Court's instruction to resolve qualified immunity before discovery.  Therefore, the Court sees no basis on which to permit additional discovery.

### *Conclusion*

Plaintiff has not convinced the Court that his need for discovery justifies imposing the burden of discovery on Defendant prior to resolution of his qualified immunity defense.  Defendant is therefore entitled to a stay of discovery and motions practice until the Court rules on his motion for summary judgment.

Wherefore, IT IS HEREBY ORDERED that Defendant's Expedited Motion to Stay All Motion Practice and Discovery Pending the Outcome of the Court's Ruling on

Defendant Cruz's Qualified Immunity Defense Set Forth in his Motion for Summary Judgment, *doc. 103*, is GRANTED.  All discovery and motions practice in this matter is hereby STAYED pending the Court's disposition of Defendants' motion for summary judgment, *doc. 95*.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE