IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                                                                  CV 10-1094 JAP/GBW

C.O. CRUZ,

    Defendant.

### ORDER QUASHING PLAINTIFF'S RULE 31 SUBPOENAS

This matter comes before the Court on Defendant's Motion to Quash Rule 31 Written Deposition Subpoenas Duces Tecum and Request for Protective Order, *doc. 90*, and Plaintiff's Motion Requesting Court Order Requiring Mary Lou Gottlieb and Betsy McDowell to Comply with Rule 31 of the Federal Rules of Civil Procedure, *doc. 92*. The Court finds that it is appropriate quash Plaintiff's subpoenas of Ms. Gottlieb and Ms. McDowell.

### *Background*

On April 26, 2012, Defendant filed his Response in Opposition to Plaintiff's Motion for Appointment of Counsel. *Doc. 74*. The Response referred to Plaintiff as "a legal aide in the law library at the WNMCF." *Id.* at 4. Defendant used the statement to bolster his argument that Plaintiff is capable of presenting his claims without counsel. *Id.* In support of the statement, Defendant cited to Mary Lou Gottlieb's affidavit, which is attached to Defendant's Response. *Id.* Ms. Gottlieb is the Western New Mexico

1

Correctional Facility (WNMCF) librarian and has worked with Plaintiff during his employment at the WNMCF library. *Id.* ex. A.

In fact, Ms. Gottlieb's affidavit states that Plaintiff is a "library aide" in the WNMCF library. *Id.* ¶ 4. The affidavit never mentions the term "legal aide," but it does state the Plaintiff has access to legal materials as a result of his position as library aide. *Id.*

In August 2012, concerned that Defendant's mischaracterization of his position was an intentional falsehood designed to mislead the Court, *doc. 96* at 5, Plaintiff sent subpoenas seeking written depositions to Ms. Gottlieb and Betsy McDowell, her supervisor. *See doc. 90* & exhibits. The deposition questions concern Defendant's misrepresentation and the contact between Defendant's counsel and Ms. Gottlieb and Ms. McDowell. *Id.*

On August 29, 2012, Defendant filed a motion to quash the subpoenas. *Doc. 90*. He also requested a protective order "precluding Plaintiff from inquiring into the areas posed in the Rule 31 Depositions." *Id.* at 7. Defendant argues that the information requested in the depositions is no longer relevant to the case since it concerns Plaintiff's request for counsel, which this Court has denied. *Id.* at 4-5.

On September 4, 2012, Plaintiff filed a motion requesting that the Court order Ms. Gottlieb and Ms. McDowell to complete the depositions. *Doc. 92*. Three days later he filed his response to Defendant's motion to quash, in which he expresses concern

2

that Defendant's misrepresentation affected the Court's decision on his motion for appointment of counsel. *Doc. 96*. He points out that the Court quotes Defendant's reference to Plaintiff as a "legal aide" in a footnote in its order denying Plaintiff's motion. *See doc. 75* at 5 n.5. Plaintiff claims that he is therefore entitled to the depositions of Ms. Gottlieb and Ms. McDowell in order to prove that "the defense has knowingly lied and perjured the affidavit of Mary Lou Gottlieb," and "to clarify the record." *Doc. 96* at 4-5.

## *Analysis*

Federal Rule of Civil Procedure 45 discusses when a court may quash a subpoena. Fed. R. Civ. P. 45(c)(3). Rule 45 incorporates the relevancy requirement of Rule 26(b)(1): subpoenas are limited to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed.).

Plaintiff wants to use the depositions of Ms. Gottlieb and Ms. McDowell to prove that Defendant intentionally mischaracterized Plaintiff as a "legal aide" in order to bolster his argument that Plaintiff is capable of arguing his claims and therefore does not need counsel. *See doc. 96*. Because the Court has already ruled on Plaintiff's motion for appointment of counsel, *doc. 75*, the depositions are no longer relevant and therefore not within the scope of permissible discovery.

Construing Plaintiff's pleadings liberally,[1] the Court has identified two other arguments in favor of the relevancy of the depositions.  First, Plaintiff contends that the depositions are relevant because the Court's reliance on Defendant's misstatement affected its decision to deny Plaintiff counsel.  *Doc. 96* at 5.  Although the Court did repeat Defendant's mischaracterization in its order denying Plaintiff counsel, as Plaintiff himself notes, "it wasn't the only criteria for denial."  *Doc. 96* at 5.  Moreover, the Court used the statement only to indicate that Plaintiff has access to legal materials, *doc. 75* at 5 n.5, a fact expressly stated in Ms. Gottlieb's affidavit.  *Doc. 74*, ex. A, ¶¶ 4, 6 ("Mr. Rouse received training in library policies and procedures, including access to legal materials. . . . During the time that Mr. Rouse has worked for me in the library, I have frequently observed him reviewing legal materials related to his pending case(s) . . . .").  Thus, the Court's reference to Plaintiff's position as a "legal aide" rather than a "library aide" does not affect its decision to deny Plaintiff counsel.

Second, Plaintiff argues that the depositions are relevant because they will show that Defendant's counsel is intentionally misleading the Court.  *Doc. 96* at 5.  While Defendant's alleged dishonesty is potentially relevant to this case, pursuant to Rule 26 the Court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.  26(b)(2)(C)(iii).  The requested depositions impose a burden on Defendant as well as on Ms. Gottlieb and Ms. McDowell,

---

[1] Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

4

nonparties to this case.  The potential benefit is minimal: Plaintiff has offered no evidence that Defendant's mischaracterization of Plaintiff's position in the WNMCF library was intentional rather than a mistake due to inattentive drafting.  The Court has no reason to believe otherwise and therefore finds that Plaintiff's mere allegations of misconduct do not justify the depositions.

The Court therefore finds that the requested depositions are not relevant to any of Plaintiff's claims and quashes Plaintiff's subpoenas of Ms. Gottlieb and Ms. McDowell.

In addition, Defendant requests a protective order "precluding Plaintiff from inquiring into the areas posed in the Rule 31 Depositions."  *Doc. 90* at 7.  As this Court has stayed discovery pending its disposition of Defendant's motion for summary judgment, Defendant's request is moot.

For these reasons, IT IS HEREBY ORDERED that Defendant's Motion to Quash Rule 31 Written Deposition Subpoenas Duces Tecum and Request for Protective Order, *doc. 90*, is GRANTED IN PART AND DENIED IN PART.  Plaintiff's subpoenas for the depositions of Mary Lou Gottlieb and Betsy McDowell are quashed.  Defendant's request for a protective order is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Court Order Requiring Mary Lou Gottlieb and Betsy McDowell to Comply with Rule 31 of the Federal Rules of Civil Procedure, *doc. 92*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE