IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                  CV 10-1094 JAP/GBW

C.O. CRUZ,

    Defendant.

## ORDER DENYING MOTION TO CHANGE VENUE

This matter comes before the Court on Plaintiff's Motion for Change of Venue, *doc. 97*. Plaintiff asks for a transfer of venue to another district within the Tenth Circuit because (1) he is a California citizen and is being improperly subjected to New Mexico law, and (2) all of the judges in New Mexico are biased in favor of the State of New Mexico. *Id.* Although the motion asks for a transfer of venue, it alleges bias on the part of the Court and therefore the Court also treats it as a motion for recusal. The Court finds that a transfer of venue is inappropriate and that Plaintiff has failed to demonstrate that the Court is biased.

### *Transfer of Venue*

Under 28 U.S.C. § 1391, venue is proper both in a judicial district "in which any defendant resides" and in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Transfer of venue between districts is governed by 28 U.S.C. § 1404(a), which states that "[f]or the

1


convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party moving to transfer bears the burden of establishing that the existing forum is inconvenient or inappropriate. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Plaintiff argues that New Mexico is an unsuitable venue because he is a California citizen.[1]  *Doc. 97*.  In fact, pursuant to § 1391(b), the District of New Mexico is the *only* proper venue: Defendant resides in New Mexico and the alleged misconduct in this case occurred entirely in New Mexico.  *See doc. 1*.

Because § 1404(a) permits transfer only to districts where the case could have originally been brought and districts to which both parties consent, the only way that this case could be transferred to another district is if Defendant agrees to the transfer. Defendant's response in opposition to Plaintiff's motion makes it clear that he does not consent to a transfer.  *Doc. 116*.   Plaintiff's motion to transfer venue is therefore denied.

---

[1] Plaintiff also claims that Defendant's use of New Mexico law is inappropriate because those laws are "foreign to the plaintiff" and should not be used "in a federal proceeding." *Doc. 97*. Putting aside the inaccuracies of that statement, New Mexico state law is not involved in this case. Plaintiff filed suit under federal law (42 U.S.C. § 1983 and the U.S. Constitution) and Defendant has moved for summary judgment pursuant to federal law. *Doc. 95*.

### *Recusal*

Because Plaintiff has alleged that the Court is biased against him, the Court also treats Plaintiff's motion as a motion for recusal. Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must consider "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

In addition, a party may move to recuse a judge where he believes the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The moving party has the burden of demonstrating that a judge is not impartial. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939. Rulings unfavorable to the movant "do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939.

Plaintiff fails to allege any specific facts that call the Court's impartiality into question. His argument is premised solely on the conclusion that all judges in New Mexico are biased in favor of New Mexico state employees because they are residents of New Mexico. *Doc. 97*. Plaintiff claims that the judges in New Mexico "do everyday

business with and are known to commingle with other State employees regularly." *Id*. In fact, this is a federal court and the judges in this District are federal employees. Moreover, Plaintiff cites no examples of the "commingling" of which he accuses this Court.

Plaintiff also offers no reasons to suspect prejudice on the part of Magistrate Judge Wormuth or District Judge Parker specifically, and does not allege that either Judge Wormuth or Judge Parker has a personal bias against him. His motion appears to be motivated entirely by this Court's adverse rulings, a factor which in itself is insufficient to justify recusal.

Plaintiff alleges no facts that raise even a slight doubt as to this Court's impartiality, and this Court has no reason to believe that reasonable people would suspect it of bias. Therefore, Plaintiff's motion for recusal is denied.

For these reasons, Plaintiff's Motion for Change of Venue, *doc. 97*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE