**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

XEZAKIA ROUSE,

      Plaintiff,

v.                                                CV 10-1094 JAP/GBW

C.O. CRUZ,

      Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**

This matter comes before the Court on Plaintiff's "Motion to Appeal Ruling on Document 76." *Doc. 98.* The Court construes this appeal as objections to the Magistrate Judge's order denying Plaintiff's "Motion to Enjoin Defendant's Counsel." *See doc. 76.*

*Background*

Plaintiff's original Motion to Enjoin Defendant's Counsel argued that Defendant was inappropriately using public funds to finance his defense. *Doc. 76.* Because the "individual capacity claims against Defendant are of [a] private matter" and because Defendant has not "been given consent by the taxpayers of New Mexico to use taxpayer money," Defendant's counsel should be "enjoin[ed] . . . from further representation." *Id.*

The Magistrate Judge denied the motion because a provision of the New Mexico Tort Claims Act (NMTCA) expressly requires "a governmental entity" to "provide a defense, including costs and attorney fees, for any public employee where liability is sought for . . . any violation of . . . rights, privileges or immunities secured by the constitution and laws of the United States . . . when alleged to have been committed by the public employee while acting within the scope of his duty." N.M. Stat. Ann. § 41-4-4(B). As Defendant was a correctional

officer employed by Bernalillo County at the time of the alleged misconduct, and as Plaintiff's

suit has been brought under the Eighth and Fourteenth Amendments of the U.S. Constitution,

Defendant is covered by the NMTCA provision. *See doc. 91*.

In the instant motion, Plaintiff objects to the Magistrate Judge's order, arguing that

Defendant was not acting within the scope of his duty when he committed the alleged

misconduct against Plaintiff. *Doc. 98*. Rather, he was "acting in an individual capacity," and

therefore is not covered by the NMTCA. *Id*.

### *Analysis*

Because the Magistrate Judge's order concerned a non-dispositive matter, this Court can

set it aside only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.

§ 636(b)(1)(A). A magistrate judge's ruling is clearly erroneous if "on the entire evidence [the

Court] is left with the definite and firm conviction that a mistake has been committed." *Allen v.*

*Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (citing *United States v. U.S. Gypsum Co.*, 333

U.S. 364, 395 (1948)).

This Court finds that the Magistrate Judge's order was neither clearly erroneous nor

contrary to law. The NMTCA defines scope of a public official's duty as "any duties that a

public employee is requested, required or authorized to perform by the governmental entity . . .

." N.M. Stat. Ann. § 41-4-3(G). It includes "abuse [of] the duties actually requested, required or

authorized by [the] state employer," even when that abuse allows the employee to "commit

malicious, even criminal acts that were unauthorized, yet incidental to the performance of those

duties." *Risk Mgmt. Div., Dep't of Fin. & Admin. v. McBrayer*, 129 N.M. 778, 783, 14 P.3d 43,

48 (N.M. Ct. App. 2000).

Plaintiff accuses Defendant of mocking his race and withholding medical treatment during his incarceration at the Bernallilo County Metropolitan Detention Center. *Doc. 1, 98.* While this conduct may be reprehensible, Defendant's position as a correctional officer at the Detention Center enabled him to commit it.  The duties of prison officials encompass "broad administrative and discretionary authority to manage and control prisons." *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996).  It was in the course of exercising this lawful authority that Defendant allegedly committed the wrongful acts.

For these reasons, the Magistrate Judge's conclusion that the NMTCA requires the government to fund Defendant's defense is accurate, and his denial of Plaintiff's motion to enjoin Defendant's counsel is appropriate.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Objections set out in *doc. 98* are OVERRULED.

_____
 SENIOR UNITED STATES DISTRICT JUDGE