IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                                CV 10-1094 JAP/GBW

C.O. CRUZ,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's "Request for a Temporary Restraining Order." *Doc. 112*. Because Defendant has notice of Plaintiff's motion, it is more accurately a motion for a preliminary injunction. *See* Fed. R. Civ. P. 65.

Plaintiff requests a preliminary injunction to protect him from retaliation. He alleges that he has been placed in segregation because of his pursuit of claims in this and other lawsuits. *Id*. at 1, 3. He also claims that he has been denied access to showers and the telephone and has been abused by other inmates "because C.O. Cruz kept talking to people that Rouse had filed suit on him." *Id*. at 2 (original wording).

A preliminary injunction is an "extraordinary remedy" and should not be issued unless "the right to relief [is] clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib*., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009) (citation omitted). To obtain a preliminary injunction, a movant must show: (1) a substantial likelihood of success on

1

the merits of his claims; (2) irreparable harm if the injunction is denied; (3) that the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008). "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation omitted).

     Plaintiff fails to demonstrate irreparable injury.  All of Plaintiff's allegations in regards to Defendant relate to *past* injuries.  Doc. 112 at 2.  Plaintiff has therefore not demonstrated the clear risk of imminent future harm needed to satisfy the irreparable harm requirement.  *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). Indeed, Plaintiff is no longer incarcerated at Bernalillo County Metropolitan Detention Center and is no longer under Defendant's supervision.  Therefore, there is no reason to believe that Defendant has the ability to inflict further harm on Plaintiff.

     Plaintiff also suggests that he was placed in segregation by officials at the Western New Mexico Correctional Facility "just because of his legal pursuits." *Doc. 112* at 3.  While the Tenth Circuit has made clear that "prison officials may not retaliate against or harass an inmate in retaliation for the inmate's exercise of his constitutional

rights," *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)), Plaintiff's claim fails for two reasons. First, to prevail on a claim of retaliation, "a prisoner must show that the challenged actions would not have occurred but for a retaliatory motive." *Id*. Here, Plaintiff offers no evidence whatsoever, aside from his own assertions, that he was placed in segregation because of this lawsuit. Second, the relief requested by Plaintiff is an injunction, and this Court cannot enjoin nonparties to this case. *See William v. Sena*, No. 04-0537, 2006 WL 1308268, at *3 (D.N.M. Mar. 29, 2006) (citation omitted).

For these reasons, Plaintiff's Request for a Temporary Restraining Order, *doc. 112*, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE