IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                                                        CV 10-1094 JAP/GBW

C.O. CRUZ,

    Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

    This matter comes before me on Plaintiff's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD). *Doc. 133*. In his PFRD, the Magistrate Judge recommended granting Defendant's motion for summary judgment, *doc. 95*, and dismissing Plaintiff's claims for failure to exhaust administrative remedies and failure to state a claim under the Eighth and Fourteenth Amendments. *Doc. 133*. I agree and therefore overrule Plaintiff's objections and adopt the Magistrate Judge's PFRD.

**I.    BACKGROUND**

    Because the Magistrate Judge thoroughly recounts the facts of this case in his PFRD, I will provide a more abbreviated discussion. *See doc. 133*. On November 16, 2010, Plaintiff, then an inmate at the Bernalillo County Metropolitan Detention Center (BCMDC), filed a complaint under 42 U.S.C. § 1983 against BCMDC; Bernalillo County, New Mexico; and Correctional Officer Adrian Cruz, an employee of BCMDC. *Doc. 1*. Plaintiff's claims arise out of an incident that occurred on October 12, 2010.[1] Plaintiff, a black male, alleges that on that

---

[1] As the Magistrate Judge noted, there is some dispute over the date of this incident. The PFRD inadvertently stated that the incident "occurred on October 12, 2012." PFRD at 1. Plaintiff's Complaint says that it occurred on October 12, 2010, *doc. 1* at 2, but his grievance states that it occurred on October 14, 2010, *doc. 95*, ex. C. The precise date during October, 2010 is not relevant to Plaintiff's claims or Defendant's defenses.

day Defendant Cruz asked the other inmates in Plaintiff's unit "if they wanted to 'see a disappearing act'" and then "flicked on and off [Plaintiff's] cell lights (approx. 10-13 times) while [Plaintiff] was standing in the window of [his] cell." *Id*. at 2.  Defendant Cruz allegedly pointed and laughed at Plaintiff and encouraged other inmates to laugh at him.  *Id*.

Plaintiff claims that because of this incident, he now suffers from Post-Traumatic Stress Disorder (PTSD).  *Doc. 10* at 1.  He also alleges that Defendant told prison officials and the other inmates that Plaintiff "snitched" by filing this lawsuit.  *Doc. 9* at 1; *Doc. 101* at 1-2.  As a result, Plaintiff claims that he has been abused by other inmates and denied access to the shower, telephone, and mental health services.  *Doc. 10* at 1.

Although Plaintiff originally brought claims against BCMDC, Bernalillo County, and Mr. Cruz under the First, Eighth, Ninth, and Fourteenth Amendments, this Court has since dismissed BCMDC and the County as defendants, as well as Plaintiff's First and Ninth Amendment claims.  *See doc. 7* at 3; *doc. 60* at 3-4.  Thus, Plaintiff's remaining claims are his Eighth and Fourteenth Amendment claims against Defendant Cruz, arising out of the alleged discriminatory incident described above and the resulting abuse and denial of access to the shower, telephone, and mental health services.

Defendant Cruz moved for summary judgment on September 6, 2012, arguing that he has qualified immunity from Plaintiff's claims and that Plaintiff's suit is barred by 42 U.S.C. § 1997e(e), the Prison Litigation Reform Act's (PLRA) physical injury requirement.  *Doc. 95*.  In his reply to Plaintiff's response, Defendant also argued that Plaintiff failed to exhaust administrative remedies as required by § 1997e(a) of the PLRA.  *Doc. 118* at 8-10.

On October 31, 2012, the Magistrate Judge issued his PFRD. *Doc. 133*. He first found that Plaintiff failed to exhaust remedies as required by the PLRA for his claims of assault by other inmates and denial of access to mental health services, showers, and the telephone. *Id*. at 8-11. As to Plaintiff's claims based on Defendant's alleged mocking of Plaintiff's race, the Magistrate Judge determined that Defendant had qualified immunity from Plaintiff's damages claims because Plaintiff's allegations, even if accepted as true, do not support claims under the Eighth and Fourteenth Amendments. *Id*. at 11-15. For the same reasons, the Magistrate Judge found that Plaintiff's claims for injunctive relief also fail. *Id*. at 15-16.

On November 5, 2012, Plaintiff filed objections to the Magistrate Judge's PFRD, which are the subject of this order. *Doc. 134*.

II.     **STANDARD OF REVIEW**

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

III.    **ANALYSIS**

Plaintiff objects only to the Magistrate Judge's determination that Plaintiff failed to exhaust administrative remedies for his claims based on assault by other inmates and denial of access to mental health services, showers, and a telephone. *See doc. 134*. He suggests that he should

be excused from the exhaustion requirement because he was intimidated by prison officials and beaten by other inmates in retaliation for filing his original grievance against Defendant as well as this lawsuit: "Once word spread that I was suing the C.O. everyone tried to stop me and intimidate me from staff on down.  In fact after I did my grievances and filed, it was a continuous act of watching me and beating me." *Id.*

### A. The PLRA's exhaustion requirement

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has held that this provision requires "proper exhaustion" – that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Prisoners must exhaust all available remedies even if those remedies "appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The PLRA requires that inmates exhaust only "available" administrative remedies.  42 U.S.C. § 1997e(a).  "[W]hen a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, [the grievance] process can no longer be said to be 'available.'"  *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011).  In order to demonstrate

that prison officials rendered administrative remedies unavailable via threats and intimidation, an inmate must show that (1) "the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process" and (2) "the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing [the] administrative process . . . ." *Id.* at 1254.

### B. **Plaintiff's objections fail**

Plaintiff's objections fail for three reasons.  First, Plaintiff cannot raise a new argument in his objections to the Magistrate Judge's PFRD.  *See Marshall*, 75 F.3d at 1426.  By failing to argue that he should be excused from the exhaustion requirement before the Magistrate Judge, Plaintiff waived that argument.  Nowhere in his prior pleadings did Plaintiff suggest he was prevented from accessing prison grievance procedures.  Although Defendant did not raise the exhaustion defense until his reply to Plaintiff's motion for summary judgment, *doc. 118*, Plaintiff had the opportunity to respond to that argument in his surreply, *doc. 126*.  Yet his surreply makes no reference to the exhaustion requirement and says nothing about an inability to access the grievance process.  The Court must, therefore, reject Plaintiff's attempts to raise this new issue in his objections. *See Sparks v. Foster*, 241 F. App'x 467, 473 (10th Cir. 2007) (finding that inmate plaintiff waived argument in his objections that prison officials interfered with his ability to exhaust by denying him a grievance form by not raising it in prior pleadings before the magistrate judge).

Second, even if Plaintiff had not waived his objections by failing to raise them in earlier pleadings, Plaintiff's allegations are conclusory and lack the specificity needed to create a genuine issue of fact.  Plaintiff claims he was "consistently beat up by inmates" but never

5

describes a specific attack with dates, times, and parties involved. He does not allege that he has sustained any injuries as a result of these "continuous" beatings. *See doc. 134*. Nor does he contradict the affidavit of Brandee Winckel, a nurse at BCMDC, which states that Plaintiff never requested nor received "any treatment associated with[] any physical assault or other physical injury which occurred while he was an inmate at MDC." *Doc. 95*, ex. D. "Such conclusory and self-serving statements . . . are insufficient to create the genuine issue of fact to survive summary judgment." *Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. 2008) (finding affidavit of inmate insufficient to create issue of fact when it stated that he could not access the grievance process due to medical complications but failed to identify those complications and describe how they hindered him from complying with grievance procedures) (*citing BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999)).

Third, Plaintiff fails to demonstrate that the grievance process was in fact unavailable to him due to intimidation by prison officials as required by *Tuckel*. The record belies Plaintiff's claims of unavailability. Plaintiff successfully filed one grievance against Defendant. *Doc. 95*, ex. C; *Doc. 118*, ex. A. His decision not to pursue that grievance was entirely voluntary: he withdrew the grievance because "the discrimination [Defendant] displayed towards my race . . . is being taken care of by my attorney." *Doc. 95*, ex. C. Moreover, Plaintiff continued to file documents in this case throughout the period of alleged retaliation. Plaintiff remained at BCMDC until April 2011, when he was moved to the Central New Mexico Correctional Facility. *See doc. 17*. Despite the allegations that he could not submit a grievance because he "always had a watchful prisoner eye on me," Plaintiff managed to file documents with the Court throughout November and December 2010 as well as March and April 2011. *See docs. 1, 3-6, 8-*

*12, 15-17*. While the filing of documents in this action may be more "discreet" than the grievance process, Plaintiff claims that he was continuously watched and beaten because of his involvement in this lawsuit. *Doc. 134*. It is difficult to believe that those engaged in this alleged "continuous" surveillance and "consistent" retaliation prevented Plaintiff from accessing the grievance process but had no effect on his access to this Court.

Plaintiff has made this argument before. In *Rouse v. Baca*, Plaintiff argued that administrative remedies were unavailable because prison officials threatened and coerced him into not filing grievances. 2012 WL 4498866, at *6 (D.N.M. Sept. 25, 2012). The Court in that case found that "there is no evidence to support a finding that Plaintiff was subjectively deterred from utilizing the grievance process" because he "continued to file grievances and to write numerous letters [complaining about the alleged misconduct] in spite of the purported threats." *Id*. I draw the same conclusion in this case.

### III.   CONCLUSION

Plaintiff's objections to the Magistrate Judge's exhaustion determination must be overruled because Plaintiff cannot raise new arguments in his objections, his allegations are conclusory and insufficient to generate a genuine dispute of fact, and Plaintiff does not meet his burden under *Tuckel*. Plaintiff does not object to the Magistrate Judge's findings regarding qualified immunity or Plaintiff's failure to state valid claims under the Eighth and Fourteenth Amendments based on the discriminatory incident. Upon review of the record, I concur with those findings.

Therefore, I hereby OVERRULE Plaintiff's objections to the Magistrate Judge's PFRD, *doc. 134*, and ADOPT the Magistrate Judge's PFRD, *doc. 133*. Defendant's Motion for Summary Judgment, *doc. 95*, is GRANTED. Plaintiff's unexhausted claims based on assaults by other inmates and denial of access to mental health services, showers, and a telephone are DISMISSED without prejudice. Plaintiff's remaining Eighth and Fourteenth Amendment claims, which are exhausted, are DISMISSED with prejudice.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE